FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 1:43 pm, Feb 13, 2018*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| TRAVIS TYRONE KATES, | |
| Movant, | CIVIL ACTION NO.: 2:16-cv-72 |
| v. | |
| UNITED STATES OF AMERICA, | (Case No. 2:10-cr-45) |
| Respondent. | |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

More than five years ago, this Court sentenced Travis Tyrone Kates ("Kates") to 139 months' imprisonment following his conviction for distribution of a controlled substance. Kates, who is currently incarcerated at the United States Penitentiary in Atlanta, Georgia, has now filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (Doc. 202.)[1] Kates contends that the Court must resentence him following the United States Supreme Court's decision in Johnson v. United States, 576 U.S. ___, ___, 135 S. Ct. 2551, 2563 (June 26, 2015). (Id.) Johnson invalidated the Armed Career Criminal Act's ("ACCA") residual clause. The Court did not rely upon the ACCA, much less the Act's residual clause, in any way during Kates' sentencing proceedings. However, Kates points out that his advisory Sentencing Guidelines' range turned on his classification as a career offender under the Sentencing Guidelines, U.S.S.G. §§ 4B1.1 & 4B1.2. Section 4B1.2(a)(2) contains language similar to the ACCA's residual clause. However, following Kates' Section 2255 Motion, the Supreme Court

---

[1] The pertinent record documents in this case are filed on the docket of Kates' criminal case, United States v. Kates, et al., 2:10-cr-45 (S.D. Ga. Aug. 5, 2010), and many are not included in Kates' civil docket. Thus, for ease of reference and consistency, the Court cites to Kates' criminal docket in this Order and Report and Recommendation.

has held that Johnson does not apply to the Guidelines and has specifically held that the decision does not invalidate Section 4B1.2(a)(2)'s definition of a "crime of violence." Beckles v. United States, ____ U.S. ____, 137 S. Ct. 886 (Mar. 6, 2017).

Because Kates does not raise a valid Johnson claim, he filed his Motion well outside of the one-year statute of limitations of 28 U.S.C. § 2255(f). Thus, I **RECOMMEND** that the Court **DISMISS** Kates' Motion, (doc. 202), as untimely. Alternatively, to the extent that the Court reaches the merits of Kates' arguments, it should **DENY** his Motion. Further, I **RECOMMEND** that the Court **DENY** Kates a Certificate of Appealability and *in forma pauperis* status on appeal and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## BACKGROUND

On August 5, 2010, the Grand Jury for this District charged Kates, in a multi-defendant Indictment, with: conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 (Count One); distribution of controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 860 (Counts Two, Three, and Four); and possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Counts Six and Nine). (Doc. 3.) The Government's Penalty Certification stated that Kates faced not less than one and no more than forty years' imprisonment as to each of Counts One, Two, Three, and Four and not less more than ten years' imprisonment as to Counts Six and Nine. (Doc. 4.)

However, Kates and his trial counsel were able to negotiate a plea agreement with the Government whereby Kates agreed to plead guilty to Count Four of the Indictment in exchange for the Government moving to dismiss the remaining counts. (Doc. 177.) On April 19, 2012, Kates appeared before the Honorable Lisa Godbey Wood, for a change of plea, or Rule 11,

hearing.  (Doc. 179.)  Before accepting Kates' guilty plea, Judge Wood engaged in an extensive plea colloquy with Kates to ensure that Kates fully understood his rights and the charges against him as well as the maximum penalties associated with those charges and that Kates made his decision to plead guilty knowingly, voluntarily, and intentionally.

Prior to Kates' sentencing hearing, United States Probation Officer Scott Riggs prepared a Pre-Sentence Investigation report ("PSI").  Probation Officer Riggs detailed Kates' offense conduct and criminal history and calculated Kates' statutory penalties, as well as his advisory Guidelines' range.  Officer Riggs concluded that Kates was a career offender under U.S.S.G. § 4B1.1 because: (1) Kates was at least eighteen years old at the time he committed the offenses in this case; (2) the offense Kates pleaded guilty to was a controlled substance offense; and (3) Kates had at least two prior felony convictions of either a crime of violence or a controlled substance offense.  (Id. at ¶ 25.)  Specifically, Officer Riggs noted that Kates was previously convicted of the sale of cocaine and obstruction of an officer with violence.  (Id. at ¶¶ 39, 40.)  Kates' offense level of 29 under Section 4B1.1 combined with a criminal history category of VI resulted in a recommended guideline sentencing range of 151 to 188 months.  (Id. at ¶ 68.)

Kates' counsel did not file any objections to the PSI, but he filed a motion for downward departure or variance in advance of the sentencing hearing.  (Doc. 184.)  Counsel argued that Kates' career offender designation resulted in an advisory guideline sentence that was not just or reasonable and that did not promote respect for the law as it was out of proportion to the seriousness of Kates' offense conduct.  (Id.)

On August 23, 2012, Kates appeared before Judge Wood for a sentencing hearing.  (Doc. 185.)  Judge Wood concurred with and adopted the factual statements and conclusions in the PSI and found a Guidelines' range of 151 to 188 months' imprisonment.  (Id.)  Judge Wood found

that Kates was appropriately classified as a career offender but she varied down from the Guidelines range due to the sentencing factors at 18 U.S.C. 3553. (Id.) Thus, she sentenced Kates to 139 months' imprisonment as to Count Four. (Doc. 186.) Pursuant to the plea agreement, Judge Wood dismissed the remaining counts of the Indictment against Kates. (Id.)

Kates did not file a direct appeal of his sentence. However, on March 9, 2015, Kates filed a Motion to reduce his sentence due to retroactive changes to the Guidelines. (Doc. 196.) The Court denied this motion, explaining, that Kate is a career offender and his total offense level "was determined based upon his career offender enhancement rather than the lower offense level produced by Chapters 2 and 3 guideline calculations." (Doc. 197-1.)

In his instant Section 2255 Motion, Kates argues that the Court must revisit his sentence because the Supreme Court's decision in Johnson should apply to Section 4B1.2 and invalidate his career offender designation under the Guidelines. (Doc. 202-1.) The Government responded in opposition to Kates' Motion and argued that the Eleventh Circuit Court of Appeals had held that Johnson does not apply at all in the context of the advisory Sentencing Guidelines, and, specifically, does not apply to the career-offender Guideline. (Doc. 206.) Kates filed a Reply to the Government's Response and pointed out the Supreme Court had granted certiorari in Beckles to decide whether Johnson applied to Section 4B1.2. (Doc. 207.) Acknowledging that the decision in Beckles "is a threshold one in this case," Kates thus requested the Court hold the case in abeyance pending the Supreme Court's decision. (Id. at p. 3.)

## DISCUSSION

**I.   Whether Kates Timely Filed his Section 2255 Motion**

To determine whether Kates timely filed his Motion, the Court must look to the applicable statute of limitations period. Motions made pursuant to 28 U.S.C. § 2255 are subject

4

to a one-year statute of limitations period. 28 U.S.C. § 2255(f). This limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Kates was sentenced on August 23, 2012, and the Court entered final judgment the next day, August 24, 2012.[2] (Docs. 185, 186.) Kates had fourteen (14) days, or until September 7, 2012, to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i); Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011) (noting that, when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires). Because Kates did not file an appeal, he had until September 9, 2013,[3] to file a timely Section 2255 motion. 28 U.S.C. § 2255(f)(1). Kates did not execute his Section 2255 Motion until May 15, 2016, which was more than two years after the expiration of the applicable statute of limitations period. Consequently, Kates' Motion is untimely under Section 2255(f)(1).

---

[2] Though Kates moved for and was denied a sentence reduction, (doc. 197), his judgment of conviction became final following his original date of conviction. Even if Kates' motion had been successful, the Eleventh Circuit has held that a "sentence modification does not constitute a new judgment of conviction that restarts § 2255's statute of limitations clock." Murphy v. United States, 634 F.3d 1303, 1309 (11th Cir. 2011).

[3] September 7, 2013 was a Saturday. Thus, Kates had until the following Monday to file his Section 2255 Motion. Fed. R. Crim. P. 45(a)(1)(C).

Kates does not argue that he is entitled to equitable tolling or to the statute of limitations periods set forth in Sections 2255(f)(2) or (4). Rather, he argues that he timely filed his Motion under Section 2255(f)(3) because Johnson is a new rule of constitutional law made retroactive to cases on collateral review. (Doc. 202-1, pp. 1–2.) Indeed, in Welch v. United States, 578 U.S. ___, ___, 136 S. Ct. 1257, 1265 (Apr. 18, 2016), the Supreme Court held that Johnson is a substantive decision which applies retroactively to cases on collateral review. Thus, if Kates actually asserted a right newly recognized by the Supreme Court in Johnson, Section 2255(f)(3) could allow Kates to bring his Section 2255 Motion. However, as discussed in Section II below, Kates does not bring a cognizable Johnson claim. Because Kates does not bring a valid Johnson claim, he cannot rely upon Johnson to excuse the untimeliness of his Section 2255 Motion.

For all of these reasons, the Court should **DISMISS** Kates' Motion as untimely.

## II. Whether Johnson Applies to Kates' Guidelines Career Offender Sentence Enhancement

In Johnson, the Supreme Court held that "imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process[.]" 576 U.S. at ___, 135 S. Ct. at 2563. The ACCA provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g) and (2) have "three previous convictions . . . for a *violent felony* or a serious drug offense, or both[.]" 18 U.S.C. § 924(e)(1) (emphasis added). The residual clause of the ACCA defines "violent felony" as, *inter alia*, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). In Johnson, the Supreme Court found the "residual clause" so vague as to violate due process. See 576 U.S. at ___, 135 S. Ct. at 2557.

The "crime of violence" definition formerly contained within the Sentencing Guidelines' career offender enhancement provision is identical to the residual clause language found unconstitutional in <u>Johnson</u>.  U.S.S.G. § 4B1.2(a)(2) (2004).  Despite this similarity, the Supreme Court held in <u>Beckles</u> that the <u>Johnson</u> holding does not apply to the residual clause of the Sentencing Guidelines.  <u>Beckles v. United States</u>, 580 U.S. ___, ___, 137 S. Ct. 886, 890 (March 6, 2017).  In <u>Beckles</u>, the petitioner was arrested for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  <u>United States v. Beckles</u>, 565 F.3d 832, 836 (11th Cir. 2009).  "Due to multiple prior felonies, Beckles['] violation of 18 U.S.C. § 922(g) subjected him to the enhanced penalty provision of 18 U.S.C. § 924(e)(1)[,] and the district court found him to be an armed career criminal pursuant to that statute."  <u>Id.</u> at 841.  "This finding, in turn, qualified Beckles for a sentence enhancement under Section 4B1.4 [of the Sentencing Guidelines]."  <u>Id.</u>  Section 4B1.4 of the Sentencing Guidelines "instructs that the appropriate offense level is . . . [*inter alia*] the offense level described in § 4B1.1, if applicable."  <u>Id.</u> at 841–42.  "Section 4B1.1, in turn, applies if":

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either <u>a crime of violence</u> or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

<u>Id.</u> at p. 842 (citing U.S.S.G. § 4B1.1(a) (emphasis added)).  The term "crime of violence" previously included "any offense under . . . state law, punishable by imprisonment for a term exceeding one year, that . . . involves conduct that presents a serious potential risk of physical injury to another."  U.S.S.G. § 4B1.2(a) (2004).  "At [Beckles'] sentencing, the district court found that § 4B1.1 was applicable . . . reasoning that two of Beckles['] prior felony convictions

7

were for qualified controlled substances offenses, and the current 18 U.S.C. § 922(g) conviction [for being a felon in possession of a firearm] was for a 'crime of violence.'" Id.

In Beckles' subsequent Section 2255 motion, he "claimed that he was improperly sentenced as a career offender under U.S.S.G. § 4B1.1, [arguing that] his conviction for possession of a sawed-off shotgun was not a 'crime of violence.'" Beckles v. United States, 579 F. App'x 833, 833 (11th Cir. 2014) (per curiam), *vacated*, 580 U.S. ___, 137 S. Ct. 886. The Eleventh Circuit Court of Appeals denied Beckles' Section 2255 motion, finding Johnson inapplicable to the Sentencing Guidelines. Id. Beckles subsequently filed a petition for certiorari in the United States Supreme Court, again contending that the Sentencing Guidelines' residual clause is void for vagueness under Johnson. The Supreme Court granted certiorari and affirmed the decision of the Eleventh Circuit, holding that "the advisory Sentencing Guidelines, including § 4B1.2(a)'s residual clause, are not subject to a challenge under the void-for-vagueness doctrine." Beckles, 580 U.S. at ___, 137 S. Ct. at 896. The Court reasoned that, unlike the ACCA, "[t]he advisory Guidelines [ ] do not implicate the twin concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement."[4] Id. at ___, 137 S. Ct. at 894. The Court further distinguished the Guidelines from the ACCA because the ACCA *requires* sentencing courts to increase a defendant's prison term from a statutory maximum of 10 years to a minimum of 15 years, whereas the Guidelines are advisory. Id. at ___, 137 S. Ct. at 892. Therefore, although the Sentencing Guidelines' residual clause and the ACCA's residual clause are identical, the Sentencing Guidelines are not subject to a void-for-

---

[4] Specifically, the Supreme Court found that "even perfectly clear Guidelines could not provide notice to a person who seeks to regulate his conduct so as to avoid particular penalties within the statutory range." Beckles, 580 U.S. at ___, 137 S. Ct. at 894. As to arbitrary enforcement, the Guidelines "do not regulate the public by prohibiting any conduct or by 'establishing minimum and maximum penalties for [any] crime.'" Id. at ___, 137 S. Ct. at 895 (quoting Mistretta v. United States, 488 U.S. 361, 396 (1989) (alteration in original)). "Rather, the Guidelines advise sentencing courts how to exercise their discretion within the bounds established by Congress." Id.

vagueness challenge under Johnson because the Guidelines "merely guide the district courts' discretion[.]" Id. at ___, 137 S. Ct. at 894.

As laid out above, the Court deemed Kates a career offender under U.S.S.G. § 4B1.1(a) due to his prior convictions for sale of cocaine and obstruction of an officer with violence. Kates contends that the Court should resentence him without that designation due to the decision in Johnson. However, the Supreme Court's decision in Beckles entirely forecloses this argument. Under Beckles, Johnson has no applicability to the Guidelines. Therefore, Kates cannot use Johnson to challenge this Court's Guidelines' calculation. Indeed, in his Reply Kates acknowledged that in Beckles, the Supreme Court would address a "threshold" issue vital to his claim. (Doc. 207, p. 3.) That determination now having been made adverse to Kates' position, Johnson cannot provide him any relief.

For all of these reasons, the Court should **DENY** Kates' claim that Johnson invalidates his Guidelines' career offender classification and resulting sentence.

### III.     Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Kates leave to appeal *in forma pauperis* and a Certificate of Appealability. Though Kates has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (Emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this

context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of the pleadings and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Kates a Certificate of Appealability, Kates is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** Kates *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS** Kates' Motion, (doc. 202), as untimely. Alternatively, to the extent that the Court reaches the merits of Kates' arguments, I **RECOMMEND** the Court **DENY** his Motion. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Kates a Certificate of Appealability and *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 13th day of February, 2018.

*/s/ R. Stan Baker*

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA